AO 102 (01/09)  Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
BLUE 2016 Chevrolet Impala, LICENSE PLATE ) Case No.
NUMBER HUS9486 (OH), VIN # )
2G1105SA9G9183060 )

Case No. **3:19 mj 514**

**MICHAEL J. NEWMAN**

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of _21_ U.S.C. § _846 & 841_ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The activity in this district relates to domestic or international terrorism.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
BLUE 2016 Chevrolet Impala, LICENSE PLATE NUMBER HUS9486 (OH), VIN # 2G1105SA9G9183060

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Steve Duteil, TFO of the DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date:  _8/21/19_

*Judge's signature*

City and state:  Dayton, Ohio

Michael Newman, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF BLUE 2016 Chevrolet Impala, LICENSE PLATE NUMBER HUS9486 (OH), VIN # 2G1105SA9G9183060 | Case No. _3:19-MJ-514_ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, TFO Steven Duteil, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under

Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and

monitoring of a tracking device on a BLUE 2016 Chevrolet Impala, LICENSE PLATE

NUMBER HUS9486 (OH), VIN # 2G1105SA9G9183060 ("the SUBJECT VEHICLE").  Based

on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being

used in furtherance of narcotics trafficking/money laundering and that there is probable cause to

believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the

tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes

as well as to the identification of individuals who are engaged in the commission of those and

related crimes.

2.      I am a Task Force Officer with the Drug Enforcement Administration (DEA),

and have been since August 25, 2014.  Your affiant worked as a uniformed Ohio State Patrol

(OSP) Trooper from 1993 until 2009, and was subsequently transferred to the Office of

Investigative Services (OSP) section until 2011.  In 2011, your affiant was promoted to Sergeant,

and was transferred to the Springfield Post of the Ohio State Patrol. During this time period, the

affiant has conducted numerous narcotic related investigations involving illegal narcotics; and prepared and executed search warrants for locations where cocaine, marijuana, heroin and prescription pills were stored/ distributed. I have conducted investigations into conspiracy to convey narcotics into state owned facilities; unlawful possession, possession with the intent to distribute, and actual distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1). I have also been involved with the administrative duties and monitoring responsibilities of Title III Wire intercepts, and analysis of pen registers related to narcotics and gang investigations. I am familiar with their methods of concealing the whereabouts of illegal drugs, the methods used to keep law enforcement officers from finding evidence of drug trafficking operations, as well as the methods used to prevent others unfamiliar with criminal conduct from observing things indicative of drug trafficking. I am also familiar with the paranoia surrounding most drug traffickers and the common ways in which wholesale drug distributors attempt to conceal their assets, their purchases, and other financial dealings that could be traced to them.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      Your Affiant submits, based on the facts below, that there is probable cause to believe that the Target Vehicle, described above, is being utilized by David D. HUNT, a large scale Crystal Methamphetamine / Fentanyl/ Cocaine/ Heroin distributor known to have been supplied by Eduardo BONILLA, and the BONILLA DTO.

2

5.      The DEA Dayton Resident Office has been investigating a large scale Crystal Methamphetamine / Fentanyl/ Cocaine/ Heroin organization based in Mexico with ties to the Southern District of Ohio.  As detailed more fully below, agents obtained information that, during late 2017, and 2018, that David Deonta HUNT (hereinafter "HUNT") received and/or intended to receive Fentanyl/ Heroin from the Eduardo BONILLA DTO.

6.      I have reviewed various databases concerning HUNT'S criminal history.  From this review, I know that HUNT has served three (3) separate prison terms for various crimes. In 2011, HUNT was sentenced to 5 years for an Aggravated Robbery conviction. In 2014, HUNT was sentenced to 4 years for Failure to Comply. In 2016, HUNT was sentenced to 3.84 years for Having Weapon While Under Disability.  All cases were adjudicated in Montgomery County, Ohio Common Pleas Court.  Furthermore, HUNT'S CCH shows he was arrested in November of 2009 in Montgomery County for Drug Possession Charge (Felony). In July of 2014, HUNT was arrested in Montgomery County and charged with Drug Trafficking (Felony).  HUNT currently remains on supervised state parole in Montgomery County, Ohio.

7.      In July of 2018, the affiant learned that HUNT and his girlfriend, Bianca OFFUTT were stopped for questioning by Cincinnati DEA agents at the Greater Cincinnati/Northern Kentucky Airport as they were preparing to fly to Los Angles, California. Subsequent investigation resulted in the seizure of $20,000.00 USC. Federal forfeiture is ongoing. Based on the amount of currency seized from HUNT and OFFUTT, and other alleged criminal activity mentioned above, the affiant believes that both are involved in drug trafficking activity.

8.      During July of 2018, I interviewed a source of information (SOI) (hereinafter referred to as SOI (1).  I have been able to corroborate information that SOI (1) has provided to

3

me, and as such, I consider him/her truthful and reliable. The SOI (1) advised me that, an African American male who lives in Dayton, Ohio, who the SOI (1) only knows as "Dave", supplied Takeea TRAMMELL with a Mercedes Benz, bought by Eduardo BONILLA for two pounds of Crystal Methamphetamine. The SOI (1) stated "DAVE" is the African American male who was going to supply BONILLA'S Mexican source of supply with 20 new AR-15 assault rifles.

9.      In September of 2018, the affiant, SA Charles Vill (DEA), and TFO Mark Hoyle (DEA) interviewed SOI (2). SOI (2) is considered a "Kingpin" in the BONILLA DTO, and has agreed to cooperate with this investigation.    I have been able to corroborate information that SOI (2) has provided to me, and as such, I consider him/her truthful and reliable.

10.     SOI (2) was shown a photo of David HUNT, and SOI (2) identified the photo as David HUNT, and stated he called HUNT "TRU Dave."   SOI (2) stated he/she has supplied HUNT with approximately ½ kilogram of Fentanyl per week since approximately October 2017. SOI (2) stated he/she charged HUNT $75,000.00 per kilogram. SOI (2) also stated he /she was arranging a deal where HUNT would provide the SOI (2) with 50 AR-15 Assault Rifles for $775.00 a rifle. The SOI (2) stated the rifles were to be shipped back to Mexico to a cartel.

11.     SOI (2) stated to investigators that the 6 kilograms of Carfentanil/Fentanyl that the DEA intercepted in Amarillo, Texas in May of 2018 was a shipment he/she orchestrated. SOI (2) stated that 4 of the aforementioned kilograms were to be delivered to HUNT at a cost of $100,000.00 USC per kilogram.

12.     The SOI (2) stated he/she purchased a Mercedes Benz for a friend from HUNT for 3 pounds of Crystal Methamphetamine. Investigators have confirmed Takeea TRAMMELL recently received a 2007 Mercedes Benz that has no lien.

4

13.　In June of 2019, DEA Carbondale POD, located in southern Illinois, conducted several proffers of suspects after a lengthy T-3 wire intercept. Two known suspects, hereinafter referred to as SOIs 3 and 4, informed investigators that they were being supplied by a black male from Dayton, Ohio who they knew as David Hunt. Both SOI's who are related, stated over the past 6 months they have received approximately 20-30 pounds of Crystal Methamphetamine and 3 kilograms of Cocaine from HUNT. Furthermore, both SOIs stated that HUNT would oversee the loads of drugs when they were delivered to the Mt. Vernon, IL area. HUNT reportedly would have couriers, driving a separate vehicle, carry the drugs, and he (HUNT) would follow in another vehicle to make sure the load was delivered and received. These deliveries took place in or around April 2019.

14.　In or around August 19, 2019, I conducted surveillance at the location where HUNT met with his parole officer. On that that day at that location, I observed HUNT exit the Target Vehicle and then enter a government building. A short time later, he returned to the Target Vehicle, entered the driver seat and proceeded to drive away. HUNT proceeded to stop at multiple locations, including meeting with two people in an alley. I terminated surveillance because it appeared that HUNT was beginning to conduct counter-surveillance on me. It shall also be noted that I have checked BMV records, and the Target Vehicle returns to HUNT.

15.　In summary, given HUNT's lengthy involvement in drug trafficking activity and his prior use of vehicles to facilitate the drug trade, Affiant believes the Target Vehicle is currently being used by David D. HUNT to facilitate his DTO in the tri-state area (Ohio, Indiana, and Illinois) and possibly other locations.

16.　Based upon the information above, it is believed that David D. HUNT is using the SUBJECT VEHICLE, that he is involved in drug trafficking in violation of federal law, and that

5

the movement of the SUBJECT VEHICLE may provide evidence of his travel, places where he meets with drug trafficking associates (and assist in identifying those associates), and locations where controlled substances may presently be stored and/or sold. Based upon the fact that HUNT lives in the Dayton area, the SUBJECT VEHICLE is registered to HUNT, and because I observed the SUBJECT VEHICLE in the Southern District of Ohio on 05/30/2019, and I know that the SUBJECT VEHICLE is presently within the Southern District of Ohio.

17.     To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

18.     In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

19.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property and/or move the

6

SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

20.     In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

21.     I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully Submitted

Steven V. Duteil
Task Force Officer
DEA

Subscribed and sworn to before me on ___August 21___, 2019

HONORABLE MICHAEL NEWMAN
UNITED STATES MAGISTRATE JUDGE

8